**HUDSON v. DAVIS, Agent and Director General of Railroad Administration.**

(Court of Appeals of District of Columbia. Submitted May 2, 1923. Decided June 4, 1923.)

No. 3914.

1. **Railroads ⊚⟹5½, New, vol. 6A Key-No. Series—Limitation in Transportation Act applies only to causes of action accruing during federal control.**

The two-year limitation on actions against the federal transportation agent, enacted by Transportation Act effective March 1, 1920, § 206a, applies only to causes of action accruing under Federal Control Act March 21, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p), and not to a cause of action against the federal agent for legal services which did not accrue within the period of federal control.

2. **Railroads ⊚⟹5½, New, vol. 6A Key-No. Series—Federal agent cannot be sued on cause of action arising since termination of federal control.**

The federal agent under the Transportation Act, like the Director General of Railroads, is merely an agent of the United States, and as such can only be sued by express legislative grant, and no authority exists for bringing a suit against the United States, through him, for a cause of action accruing since the termination of federal control,

---

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

so that an attorney cannot maintain an action in the municipal court to recover for services rendered to the agent subsequent to the termination of federal control.

Writ of Error to the Municipal Court of the District of Columbia. Action by Raymond M. Hudson against James C. Davis, as Legal Agent and Director General of Railroad Administration. Judgment for defendant on demurrer to the declaration, and plaintiff brings error. Affirmed.

Raymond M. Hudson, of Washington, D. C., in pro. per.

Albert Ward and Lambert McAllister, both of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, VAN ORSDEL, Associate Justice, and SMITH, Judge, of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This case is here on error to the Municipal Court of the District of Columbia. Plaintiff in error brought suit for legal services alleged to have been rendered in March and April, 1920, at the request of the general counsel of the United States Railroad Administration, who is alleged to have had authority to engage such services. From a judgment on demurrer to the declaration, plaintiff appeals.

[1] We agree with counsel that section 206a of the Transportation Act effective March 1, 1920, 41 Stat. 456, relates only to causes of action accruing under the Federal Control Act of March 21, 1918, 40 Stat. 451 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p), and that the right to bring suit thereunder was limited to two years from the passage of the 1920 act. It follows, therefore, that plaintiff's cause of action did not accrue within the period of federal control and is not affected by the two-year limitation fixed by section 206a, supra.

[2] But plaintiff's right to maintain the action is challenged on the ground that it is in effect a suit against the United States, and as such could only be maintained, if at all, in the Court of Claims. We entertain no doubt that the Director General of Railroads is merely an agent of the United States, and as such can only be sued by express legislative grant. Sigg-Fehr et al. v. White et al., 52 App. D. C. 215, 285 Fed. 949, 954. It is equally clear that since the termination of federal control no statutory authority exists for bringing a suit against the United States through the Director General of Railroads.

Nor are the cases holding that the Shipping Board is subject to suit in point. Eichberg v. United States Shipping Board Emergency Fleet Corporation, 51 App. D. C. 44, 50, 273 Fed. 886; Sloan Shipyards Corporation v. United States Shipping Board Emergency Fleet Corporation, 258 U. S. 549, 42 Sup. Ct. 386, 66 L. Ed. 762. In these cases it was held that the Shipping Act contemplated the creation of a corporation under the laws of the District of Columbia, which resulted in the organization of the Fleet Corporation. It was formed, like any business corporation, with capacity to sue and be sued; hence it has no analogy to the present case, where it is sought to maintain an action against a mere agent of the United States.

The judgment is affirmed, with costs.